ELECTRONICALLY FILED
2024 Nov 26 PM 4:39
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  SG-2024-CV-002306
PII COMPLIANT

**IN THE EIGHTEENTH JUDICIAL DISTRICT**
**SEDGWICK COUNTY DISTRICT COURT**
**CIVIL DEPARTMENT**

| | |
|---|---|
| GABRIEL SANCHEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. |
| | ) |
| WORD OF LIFE MINISTRIES | ) |
| AND SCHOOLS, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

Pursuant to K.S.A. Chapter 60

## PETITION

Plaintiff Gabriel Sanchez, through undersigned counsel, hereby states and alleges as follows for his cause of action against Defendant Word of Life Ministries and Schools, Inc.:

1.      Plaintiff Gabriel Sanchez is a citizen of the State of Kansas.

2.      Defendant Word of Life Ministries and Schools, Inc. is registered with the Kansas Secretary of State as a domestic non-profit corporation.

3.      Defendant owns and operates a church (two campuses), school, dormitory, counseling center, and daycare.

4.      Defendant is controlled by the Rotola family, to wit, Robert Rotola, Sr., Tim Rotola (CFO), and Robert Rotola, Jr. (President, Life Prep Academy), all Kansas residents.

5.      Defendant hired Sanchez in June of 2022 to work in maintenance.

6.      For the previous two years, Sanchez had volunteered services to Defendant, such as chaperoning events, building sets for plays and performances, renovating annex

1



buildings used for classes, and building a boardwalk to connect them.

7. Defendant hired Sanchez in June 2022 on a 1099 or "contractor" basis.

8. As a "contractor," Sanchez regularly worked in excess of 46 hours per workweek.

9. In October of 2022, Defendant converted Sanchez's employment to that of a W-2 or a properly classified employee.

10. In October of 2022, Defendant instructed Sanchez to stop recording his time, because he was working too many hours and he could not clock out access the timeclock at night. Tim Rotola, CFO, stated it was to streamline and prevent further issues with clocking in and out.

11. Further, Defendant properly re-classified Sanchez as a W-2 employee in October of 2023.

12. Sanchez' job duties initially were:

    a. General maintenance of Defendant's seven buildings at 3841 N. Meridian, Wichita KS, 67217;

    b. Taking care of Defendant's athletic field and buildings at 4121 N. Seneca St., Wichita KS, 67204;

13. Within a couple months, Sanchez' job duties were expanded to include:

    a. General maintenance of Defendant's south campus church and daycare, 2020 S. Blake St., Wichita KS, 67211; and

    b. General maintenance at Defendant's dormitories at 2115 N. Broadmoor St., Wichita KS, 67206.

14. Sanchez regularly worked in excess of 46 hours per workweek throughout his

employment with Defendant.

15.    Defendant's principal place of business is at 915 E. 53rd St. N. (southwest of the interchange between I-135 and East 53rd North) in Park City, Kansas.  The Life Prep Academy, including its offices, classrooms, and dormitories, are housed in that facility.

16.    Defendant's Park City facility used to be a Best Western hotel.  This facility, with an indoor pool and moisture issues, has substantial unmitigated mold growth.

17.    By January 2023, Sanchez's principal duties involved construction work and maintenance at Defendant's Park City facility.

18.    Defendant fired Sanchez on May 10, 2024.

19.    Defendant fired Sanchez, due to the false insinuation that Sanchez had a sexual relationship with a female coworker.

20.    Sanchez and the female coworker vehemently deny any inappropriate relationship.

21.    In fact, Sanchez offered to provide Defendant information about eyewitnesses and surveillance footage.  Defendant declined this offer.

22.    Defendant, through Robert Rotola, Sr., told Sanchez that Defendant was not interested in the truth.

23.    Defendant did not actually fire Sanchez for the alleged affair.

24.    Defendant's management personnel admitted this to the female coworker.

25.    During the female coworker's supposed disciplinary meeting, Dr. Paula Rodriguez, school superintendent and principal, stated *"It would be fine, had it been someone else."*

26.    Defendant, in fact, tolerates misconduct including:

3

a. On information and belief, on September 25, 2024, President Robert Rotola, Jr., stopped two Spanish students in passing and he ran his fingers through their hair, commenting how straight and pretty it was.

b. On information and belief, on another occasion in 2020, President Rotola approached a female student immediately after graduation and advised how pretty he thought she was. He made comments about her breasts. He told this former student that he had believed they would have had lots of problems with the boys because of how pretty she was. On information and belief, weeks earlier, President Rotola texted the student late at night and asked if he could come to her hotel and see her.

c. On information and belief, between 2018 and 2020, Defendant's management learned that a dorm director's teenage son was entering female students' rooms while they were changing, watching them while they showered, and groping them in passing. On information and belief, Defendant responded by blaming the female students for dressing in a manner as to solicit this type of behavior and even demanded that one female student write a letter apologizing for wearing "inappropriate clothing."

d. On information and belief, in the 2023-2024 school year, a female teacher and residential assistant pursued relationships with male students, and she kept her job.

27. In fact, Defendant fired Sanchez for engaging in legally protected activities including each of the following:

i. Sanchez pursued his workers compensation rights. Sanchez suffered a work injury, a concussion, in January 2024 when he slipped and fell on ice. In April 2024, CFO Tim Rotola expressed anger towards Sanchez for hiring a lawyer to pursue his claim to workers compensation benefits; and

ii. Sanchez repeatedly raised issues with Defendant concerning significant moisture and unmitigated mold in the dormitories, resulting in students with respiratory and related illnesses. Defendant refused to address seriously the mold issue; Defendant told Sanchez to paint over it; and Defendant encouraged Sanchez to mislead city inspectors; and

iii. Sanchez advocated Defendant to pay its students performing construction work and cleaning the homes of the Rotolas, among other things, as required by the Fair Labor Standard Act and/or the Kansas Minimum Wage and Maximum Hour Law; and

iv. Sanchez advocated for equal wages for his female coworker, upon learning she was paid several hundred dollars less than her male counterparts who performed equivalent work, as required by the Equal Pay Act.

28. At all times relevant to the allegations herein, Defendant had in excess of $500,000 in gross annual receipts, and Defendant's employees regularly used goods produced or moved in commerce.

29. President Rotola stated to one employee that he was making $2,000,000 in profits and that he intended to double those profits.

30. Defendant represents to third parties that it operates a business.

31. Defendant's business is international in character, as Defendant recruits students from countries throughout the world to attend Life Prep Academy.

32. Defendant's business activities include operating a counseling center and a publishing house.

33. Defendant regularly advocates for political candidates. This advocacy occurs in the classroom. Defendant demands that its employees send politically motivated emails. Robert Rotola, Sr., instructed that such messages be sent from personal, not Defendant's, email accounts.

34. Defendant made at least one campaign contribution to a political candidate in the 2022 cycle.

35. Defendant's activities are inconsistent with its nonprofit religious characterization.

36. Sanchez contends that Defendant is an enterprise engaged in commerce under the FLSA. But if Defendant is not covered by the FLSA, it is covered by the Kansas Minimum Wage and Maximum Hour Law.

37. Defendant's termination of Plaintiff violated the Equal Pay Act and Kansas law insofar as he was pursuing pay equity.

38. In either case, Defendant has failed to pay Plaintiff appropriate minimum wages and overtime compensation.

39. Defendant is liable to Sanchez for unpaid overtime compensation, liquidated damages or penalties, and damages over his unlawful termination.

Wherefore, Plaintiff Gabriel Sanchez prays that judgment be entered against Defendant Word of Life Ministries and Schools, Inc., for unpaid wages, liquidated damages or penalties, damages, attorneys fees and costs, and other relief the Court deems just and equitable.  Should Defendant remove this action to federal court, Plaintiff seeks punitive damages.

## **Demand for Jury Trial**

Plaintiff hereby demands a jury trial on all issues, including but not limited to the formation of any alleged arbitration agreement.

Dated: November 26, 2024.

RESPECTFULLY SUBMITTED BY:

BRENNAN GOTT LAW, PA

By       /s/Troy H. Gott
Troy H. Gott (14062)
218 N. Mosley
Wichita, Kansas 67202
(316) 682-8500 Telephone
(316) 682-6222  Facsimile
Email: troy@brennangottlaw.com

-and-

GRAYBILL & HAZLEWOOD, LLC

/s/ Sean McGivern
Sean M. McGivern, #22932
218 N. Mosley St.
Wichita, KS 67202
Telephone: (316) 266-4058
Fax: (316) 462-5566
sean@graybillhazlewood.com
ATTORNEYS FOR PLAINTIFF

ELECTRONICALLY FILED
2024 Nov 26 PM 4:39
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  SG-2024-CV-002306
PII COMPLIANT

IN THE 18th JUDICIAL DISTRICT
DISTRICT COURT OF SEDGWICK COUNTY, KANSAS

Gabriel Sanchez,          )
               Plaintiff,        )
V                         )       Case No. SG-2024-CV-002306
Word of Life Ministries and  )
Schools, Inc.,
              Defendant.     )

Defendant's Name and Address:
Word of Life Ministries and
Schools, Inc.
c/o Robert J. Rotola
3831 N. Meridian Ave
Wichita, KS 67204

Proceeding Pursuant to K.S.A. Chapter 60

**SUMMONS**

To: Word of Life Ministries and Schools, Inc.
    (Defendant's name)

A civil lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached petition or a motion under K.S.A. 60-212. Under Kansas Supreme Court Rule 113, you may seek from the clerk of the court an extension of up to 14 additional days to serve and to file an answer or a K.S.A. 60-212 motion.

If you fail within 21 days to serve and to file an answer or a K.S.A. 60-212 motion or obtain a Rule 113 extension, the court may enter default judgment against you for the relief

Rev. 12/2022   KSJC

1

demanded in the petition. If you were served outside of Kansas, however, the court may

not enter default judgment against you until at least 30 days after service of this summons.

The answer or K.S.A. 60-212 motion must be served on the plaintiff's attorney, or

the plaintiff if plaintiff has no attorney, at the following address:

Sean McGivern
(Attorney's name or Plaintiff's name)

218 N. Mosley
Wichita, KS  67202

(Attorney's address or Plaintiff's address)

You also must file your answer or K.S.A. 60-212 motion with the court.

When you file an answer, you must state as a counterclaim(s) any related claim(s)

that you may have against the plaintiff. If you fail to do so, you will thereafter be barred

from making such claim(s) in any other action.



B.D.Lumbreras
Bernadine D. Lumbreras

Clerk of the District Court.

By Alexandria Garcia
Clerk or Deputy

**Documents to be served with the Summons**
PLE: Petition Petition