IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GABRIEL SANCHEZ,                          )
                                          )
              Plaintiff,                   )
                                          )
vs.                                       )
                                          )    Case No.    6:25-cv-01004
                                          )
WORD OF LIFE MINISTRIES AND               )
SCHOOLS, INC.,                            )
                                          )
              Defendant.                   )

## ANSWER

**COMES NOW** the Defendant, Word of Life Ministries and Schools, Inc., and for its Answer to Plaintiff's Petition, alleges and states as follows:

1.     Admitted.

2.     Admitted.

3.     Admitted.

4.     Defendant admits that Robert Rotola, Sr., Tim Rotola, and Robert Rotola, Jr. are all Kansas residents. Defendant denies the remainder of the allegations contained in paragraph 4 of Plaintiff's Petition.

5.     Admitted.

6.     Admitted.

7.     Admitted.

8.     Denied.

9.     Denied.

10.    Denied.

11.    Admitted.

WSABEOP0\102766212.v1

12.     Defendant admits only that Plaintiff may have performed services at the aforementioned properties, as well as other properties owned by Defendant.

13.     Defendant admits only that Plaintiff may have performed services at the aforementioned properties, as well as other properties owned by Defendant.

14.     Denied.

15.     Admitted.

16.     Defendant admits that its Park City facility used to be a Best Western hotel, but it denies that it has substantial unmitigated mold growth.

17.     Admitted.

18.     Admitted.

19.     Denied.

20.     Defendant is without information to ascertain the truth of the allegations contained in paragraph 20 of Plaintiff's Petition, and therefore, denies the same.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Defendant denies paragraph 26 of Plaintiff's Petition, including all subparts.

27.     Defendant denies paragraph 27 of Plaintiff's Petition, including all subparts.

28.     Admitted.

29.     Denied.

30.     Denied.

2

31. Admitted.

32. Defendant admits that it operates a counseling center but denies that it operates a publishing house.

33. Denied.

34. Denied.

35. Denied.

36. Paragraph 36 of Plaintiff's Petition states a legal conclusion rather than an allegation of fact, and therefore, the same is denied.

37. Denied.

38. Denied.

39. Denied.

**WHEREFORE**, having fully answered Plaintiff's Petition, Defendant respectfully requests that Plaintiff take nothing by way of his Petition; that judgment be entered in favor of Defendant and against Plaintiff; that Defendant recover its attorney's fees and expenses incurred herein as allowed by law and for such further relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

1. Unless expressly admitted above, Defendant denies each and every allegation of fact and conclusion of law contained in Plaintiff's Petition.

2. Plaintiff fails to state a claim upon which relief can be granted, as Defendant committed no unlawful acts with respect to Plaintiff's employment and specifically did not discriminate or retaliate against Plaintiff on the basis of sex, the filing of a worker's compensation claim or any other unlawful basis.

3. Upon information and belief, Plaintiff failed to mitigate his damages. In addition, to the extent Plaintiff has earned any income from employment subsequent to his separation from

employment with Defendant, Defendant is entitled to an offset against any lost wage claim brought by Plaintiff.

4.      All decisions made by Defendant with respect to Plaintiff's employment were based upon sound business judgment free of any discriminatory or retaliatory intent.

5.      Plaintiff's Petition fails to state a claim upon which relief may be granted in that Plaintiff has been paid all compensation earned by him during his employment, his termination from employment was based upon good faith business judgment and due to his own performance failures.

6.      Plaintiff's claims must fail due to the doctrine of unclean hands in that any adverse action taken against Plaintiff by Hukill was based upon Plaintiff's own performance failures.

WALLACE SAUNDERS, CHARTERED


BY: */s/ Marty T. Jackson*
        Marty T. Jackson      KS #14188
        Lauren E. Lindell     KS #29945
        10111 West 87th Street
        Overland Park, KS 66212
        (913) 888-1000
        (913) 888-1065/FAX
        mjackson@wallacesaunders.com
        llindell@wallacesaunders.com

ATTORNEYS FOR DEFENDANT WORD OF LIFE MINISTRIES AND SCHOOLS, INC.

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of January, 2025, a copy of the foregoing was electronically filed using the Court's CM-ECF system, and served by email transmission to the following counsel of record:

Troy H. Gott
BRENNAN GOTT LAW, PA
218 N. Mosley
Wichita, Kansas  67202
troy@brennangottlaw.com

Sean McGivern
GRAYBILL & HAZLEWOOD, LLC
218 N. Mosley Street
Wichita, Kansas  67202
sean@graybillhazlewood.com

ATTORNEYS FOR PLAINTIFF

*/s/ Marty T. Jackson*
For the Firm

5